**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

RENEE COX,
    *Plaintiff,*

  v.

CHUGACH ALASKA CORPORATION,
*et al.,*
    *Defendant*

Case No. 25-cv-03669-ABA

**MEMORANDUM OPINION AND ORDER**

Plaintiff Renee Cox has sued various defendants but has withdrawn her claims against all but one, Chugach Consolidated Solutions, LLC ("CCS"). And she asserted various causes of action but has withdrawn all of them except Count 1 for negligence (which CCS did not move to dismiss) and Count 3 for negligent training. Thus, the only remaining contested issue is whether Ms. Cox has alleged sufficient facts to sustain Count 3, negligent training, against CCS. For the following reasons she has not, and so Count 3 will be dismissed.

## I.    BACKGROUND[1]

Ms. Cox works as a janitor at the National Security Agency ("NSA"), employed by Facility Site Contractors, Inc. ECF No. 3 ¶ 13. Ms. Cox alleges that on October 18, 2022, she was performing her job duties cleaning the front windows of Gatehouse I at the NSA headquarters building. *Id.* At the same time, William Stefan ("Mr. Stefan"), a mechanic employed by Defendant CCS, was working on (and riding) a mobility scooter that was

---

[1] At the pleadings stage, the Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

the property of the NSA. *Id.* ¶ 14. Ms. Cox alleges that at approximately 6:15 PM, "[w]hile Plaintiff was cleaning the front windows, Mr. Stefan rode the mobility scooter that he was working on and violently ran into the Plaintiff, causing severe injuries to the Plaintiff about her head, body, and limbs." *Id.* ¶¶ 13, 15. Ms. Cox alleges that "[a]s a direct and proximate result of said collision," she has incurred "substantial medical expenses for the treatment and care of her injuries," *id.* ¶ 26, "great physical pain and mental anguish," *id.* ¶ 27, a loss of income, *id.* ¶ 28, and "has been forced to spend, and will continue to expend, large sums of money for surgery to repair fracture(s), x-rays, MRIs, doctors, nurse[s], physical therapists, medical treatment and medicine for the treatment of Plaintiff's injuries," *id.* ¶ 41.

She originally filed her case in the Circuit Court for Baltimore City, Case No. C-24-CV-25-008502; Defendants removed the action to this Court, ECF No. 1 at 2, and filed a motion to dismiss all claims other than Count 1 against CCS.

In her complaint she named nine defendants: Chugach Alaska Corporation, Chugach Consolidated Solutions, LLC, Chugach Global Industries, LLC, Chugach Government Solutions, LLC, Chugach Information Technology, Inc., Chugach Intelligence Solutions, LLC, Chugach Pacific Solutions, LLC, Chugach Solutions Enterprise, LLC, and Chugach Technical Solutions, LLC. ECF No. 3 at 1–2. Defendants requested dismissal of all Defendants except for Chugach Consolidated Solutions, LLC ("CCS"). ECF No. 6 ¶ 1. Ms. Cox does not object to dismissal of the other eight Defendants now that Defendants have admitted that CCS is the proper employer and defendant. ECF No. 12 ¶ 5. Accordingly, the only defendant against whom Plaintiff continues to assert claims is CCS.

In her complaint, Ms. Cox asserts four causes of action: negligence (Count One), negligent hiring (Count Two), negligent training (Count Three), and negligent supervision (Count Four). ECF No. 3 ¶¶ 16–61. As noted, Defendants sought dismissal of all Counts except for Count One, negligence, against Defendant CCS. ECF No. 6 ¶ 2. While Ms. Cox "voluntarily agrees to the dismissal of counts two and four," ECF No. 12 ¶ 8, she contests dismissal of the negligent training claim against CCS. *Id.* ¶ 7.

## II.    STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As stated, when considering such a motion, the Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King*, 825 F.3d at 212. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. The Court is "not

3

bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (quoting *Twombly*, 550 U.S. at 555).

## III.    DISCUSSION

The remaining issue is whether Ms. Cox has alleged sufficient facts to state a claim for negligent training. Under Maryland law, to state a claim for negligent hiring, retention, supervision, or training, a plaintiff must allege facts supporting the following five elements: "(1) the existence of an employment relationship [between the defendant and the person whose training and conduct is at issue]; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employer's act or omission causing the plaintiff's injuries; and (5) the employer's negligent hiring, retention, supervision, or training of the employee as the proximate cause of plaintiff's injuries." *Latty v. St. Joseph's Soc'y of Sacred Heart, Inc.*, 198 Md. App. 254, 272 (2011) (applying the standard to claims of negligent hiring, supervision, and retention); *Jarvis v. Securitas Sec. Servs. USA, Inc.*, Case No. 11-cv-0654-AW, 2012 WL 527597, at *5 (D. Md. Feb. 16, 2012) (applying the standard to claims of negligent hiring, retention, supervision, and training) (citing *Latty*, 198 Md. App. at 272, and *State v. Jones*, 197 Md. App. 638, 658 (2011)).

Here, Ms. Cox adequately alleges only the first element of the negligent training claim, the existence of an employment relationship. Ms. Cox alleges that Mr. Stefan was "a mechanic with the Defendants," ECF No. 3 ¶ 14, and Defendants do not dispute that CCS was Mr. Stefan's employer at the time of the alleged incident, ECF No. 6-1 at 3. But Ms. Cox has not alleged facts (as opposed to legal conclusions) that would support other elements of a negligent training claim, such as that CCS inadequately trained Mr. Stefan or that such inadequate training caused her injuries. *See* ECF No. 3 ¶¶ 44–48. The

"threadbare recitals" of the elements of the cause of action in the complaint as to those other elements, without more, are not enough to meet the *Twombly* standard and survive a motion to dismiss. *See Jarvis*, 2012 WL 527597, at *5 (dismissing negligent training claim where plaintiff asserted that defendants should be responsible for its employee's actions without providing any factual basis that defendant had "actual or constructive knowledge" of the "conduct or general character" of its employee); *Pizarro Orta v. Creekstone Landscaping & Excavating, LLC*, Case No. 23-cv-1954-EA, 2024 WL 3555093, at *5 (D. Md. July 25, 2024) (dismissing plaintiff's negligent hiring, training, and retention claim where plaintiff put forth "conclusory statements" without sufficient facts to show how defendant was negligent in training or how the training was the proximate cause of the injury).

For these reasons, Count Three, asserting a claim for negligent training, will be dismissed. Discovery will proceed on Count One (for negligence) against CCS; if during discovery Plaintiff learns of facts that support a claim for negligent training, this Order does not preclude her from relying on such evidence in support of her general negligence claim (Count One) or seeking leave to amend the complaint. But for now, the complaint is inadequate for a standalone negligent training claim (Count Three) to proceed and thus that claim will be dismissed without prejudice.

In addition, the Court dismisses the claims for which Plaintiff does not contest dismissal, namely her claims against all defendants other than CCS, and Counts Two and Four. This leaves only Count One, against CCS. That claim will proceed to discovery.

## IV.   ORDER

Upon consideration of Defendant's motion for partial dismissal (ECF No. 6) and the response and reply thereto (ECF Nos. 12 & 13), and for the reasons stated above, it is ORDERED that the motion is GRANTED and:

1.   Defendants Chugach Alaska Corporation, Chugach Global Industries, LLC, Chugach Government Solutions, LLC, Chugach Information Technology, Inc., Chugach Intelligence Solutions, LLC, Chugach Pacific Solutions, LLC, Chugach Solutions Enterprise, LLC, and Chugach Technical Solutions, LLC are DISMISSED with prejudice; and

2.   Counts Two (Negligent Hiring), Three (Negligent Training), and Four (Negligent Supervision) are DISMISSED without prejudice.

Date: July 2, 2026

_____/s/_____

Adam B. Abelson
United States District Judge